Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*Mattel, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTEL, INC., | CIVIL ACTION No. ___ |
| *Plaintiff* | |
| v. | |
| 276470, 2011TOYELITE, 8OOK, 99BOWEN, ARCADEWORLD15, BABYTOYGIFT, BEST-ANIME-TOYS, BEST-DEAL-365, BIYUNLIN2016, BUYMARKET, BUYMARKET_DE, CHUNNN_85, CONNIE_MONICA, COOCARHOT, COSPLAY-MALL, DREAMWORLD-0624, FLYINGTECHV, FREDERICKWONG2000, FUNFUNTOYCLUB, GARDENMALL, GOKSO9, GOOD_DEAL1688, GUANGJI203, HAVENSO, HELLOSWORD, HOMEPAGE2009, HUGEPOWER, JASONSTOYSS, JUDYPHIL0408, KITTY_CHEN132, KONGFAN12, K-STORE2015, LA56168616, LEMON-BEST2012, MYHONEYPET007, NICEFUTURE21068, NIHONGINT, OBD_KEEP_YOUR_MOTOR_RUNNING, OK_BUY_SMILE, REPLYSTORES2015, | **COMPLAINT**  **Jury Trial Requested**  **FILED UNDER SEAL** |

SHENGQUZHAN_0, SHINEWORKS606,
SLEBOTOY, SUNNZHO_5, SUPER.CZP,
SUPERPATCH, TINGTING2016,
VICTORY.V.V, WAP198702, WARMSUN07,
WENDINGOK, WHRNIUNIU.520,
XHENG513, XIANNOW, XINTEGROUP-US,
YI0133, YIYIMYLOVE, ZHHF369,
ZHOUXIAOLIN2010 and ZYCQH0419-8,

*Defendants*

Plaintiff Mattel, Inc. ("Mattel" or "Plaintiff"), by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

This action involves claims for trademark infringement of Plaintiff's federally registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq*.; counterfeiting of Plaintiff's federally registered trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c); false designation of origin, passing off and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); copyright infringement of Plaintiff's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. and related state and common law claims (the "Action"), arising from Defendants 276470, 2011toyelite, 8ook, 99bowen, arcadeworld15, babytoygift, best-anime-toys, best-deal-365, biyunlin2016, buymarket, buymarket_de, chunnn_85, connie_monica, coocarhot, cosplay-mall, dreamworld-0624, flyingtechv, frederickwong2000, funfuntoyclub, gardenmall, gokso9, Good_Deal1688, guangji203, havenso, hellosword, homepage2009, hugepower, jasonstoyss, judyphil0408, kitty_chen132, kongfan12, k-store2015, la56168616, lemon-best2012, myhoneypet007, nicefuture21068, nihongint, obd_keep_your_motor_running, ok_buy_smile, replystores2015, shengquzhan_0, shineworks606, slebotoy, sunnzho_5, super.czp, superpatch, tingting2016, victory.v.v, wap198702, warmsun07, wendingok, whrniuniu.520, xheng513, xiannow, xintegroup-us, yi0133, yiyimylove, zhhf369, zhouxiaolin2010 and zycqh0419-8 (hereinafter collectively referred to as "Defendants" or individually as "Defendant") infringement of the Thomas & Friends Marks (as defined *infra*) and Thomas & Friends Works (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling unlicensed, counterfeit and infringing versions

of Plaintiff's Thomas & Friends Products (as defined *infra*).

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. and the Copyright Act, 17 U.S.C. §§ 101 *et seq*.; pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

2.      Personal jurisdiction exists over Defendants in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York and in this judicial district, and/or derive substantial revenue from their business transactions in New York and in this judicial district and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' illegal counterfeiting and infringing actions caused injury to Plaintiff in New York and in this judicial district such that Defendants should reasonably expect such actions to have consequences in New York and in this judicial district, for example:

a.      Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including New

4

York, through accounts with online marketplace platforms such as eBay (as defined *infra*) as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("User Accounts"), through which consumers in the U.S., including New York, can view one or more of Defendants' Merchant Storefronts (as defined *infra*) that each Defendant operates, uses to communicate with Defendants regarding their listings for Counterfeit Products (as defined *infra*) and to place orders for, receive invoices for and purchase Counterfeit Products for delivery in the U.S., including New York, as a means for establishing regular business with the U.S., including New York.

b. Upon information and belief, Defendants are sophisticated sellers, each operating one or more commercial businesses using their respective User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert of participation with any of them, operate storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale and/or otherwise deal in products, including the Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("Merchant Storefront(s)") in wholesale quantities at significantly below-market prices to consumers worldwide, including to those in the U.S., and specifically New York.

c. Upon information and belief, all Defendants accept payment in U.S. Dollars and

offer shipping to the U.S., including to New York and specifically to the New York Address (as defined *infra*).

    d.   Upon information and belief, Defendants have transacted business with consumers located in the U.S., including New York, for the sale and shipment of Counterfeit Products.

    e.   Upon information and belief, Defendants are aware of Plaintiff, its Thomas & Friends Products, Thomas & Friends Marks and Thomas & Friends Works, and are aware that their illegal counterfeiting and infringing actions alleged herein are likely to cause injury to Plaintiff in the U.S. and specifically, in New York and this judicial district, as Plaintiff conducts business in New York.

3.    Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct, transact and/or solicit business in this judicial district.

## THE PARTIES

4.    Plaintiff Mattel, Inc. is a California corporation, having a principal place of business at 333 Continental Boulevard, TWR 15-1, El Segundo, CA 90245.

5.    Upon information and belief, Defendants are merchants on the eBay.com online marketplace platform, which, upon information and belief, is owned and operated by eBay Inc., a Delaware corporation with a principal place of business at 2025 Hamilton Avenue, San Jose, California 95125, through which Defendants offer for sale and/or sell Counterfeit Products.

## GENERAL ALLEGATIONS

### Plaintiff and Its Well-Known Thomas & Friends Products

6.    Plaintiff, through its family of companies, is a leading designer, developer, marketer, manufacturer and distributor of well-known children's toys and games ("Mattel

Products") under its iconic brands, including, but not limited to: Barbie, Thomas & Friends, Hot Wheels, American Girl and Fisher-Price ("Mattel Brands").

7.      Plaintiff sells its Mattel Products worldwide through major retailers, quality toy stores and online marketplaces.

8.      One of Mattel's most popular and successful brands is Thomas and Friends, which features the main character Thomas the Tank Engine as a blue, cheery, anthropomorphic steam engine ("Thomas the Tank Engine").

9.      Thomas the Tank Engine was originally part of a children's book series and lives on the fictional island of Sodor and aspires to be a "Really Useful Engine," which is the highest praise possible for trains that are part of the Sodor Railway.  Thomas the Tank Engine encourages his fellow trains to be the best they can be, and imparts lessons about friendship, altruism and perseverance.

10.      Thomas the Tank Engine and the other train characters soon became an award-winning hit around the world, launching a television spin-off series, *Thomas & Friends*, and a vast range of commercial products, including trains and tracks, games, puzzles and books ("Thomas & Friends Products").

11.      Thomas the Tank Engine has become so popular, that in 2009, the *Independent* listed Thomas the Tank Engine as one of the 100 people that make Britain a happier place – one of only two entries that were not actual human beings.[1]

12.      Thomas the Tank Engine's global popularity and reach to children, and his unique focus on empathy, collaboration and friendship, beginning in September 2018, the United Nations and Mattel launched a two-year collaboration to introduce six (6) of the United Nations' seventeen

---

[1] Sudarshan Abrol, *The Happy List 2009 – the 100*, THE INDEPENDENT (April 19, 2009), https://www.independent.co.uk/news/uk/this-britain/the-ios-happy-list-2009-the-100-1671055.html.

(17) Sustainable Development Goals to preschool audiences through Mattel's *Thomas & Friends* Brand.[2]

13.    The Thomas & Friends Products global retail sales have totaled approximately $1 billion,[3] and as of December 2017, more than 37 million Thomas & Friends Product engines have been sold (more than one for every second of the year).

14.    While Mattel has gained significant common law trademark and other rights in its Thomas & Friends Products, through use, advertising, and promotion, Mattel and its predecessors in interest have also protected these valuable rights by obtaining federal trademark registrations.

15.    For example, Mattel, through its wholly-owned subsidiary Gullane (Thomas) Limited, is the owner and/or licensee of U.S. Trademark Reg. No. 3,799,968 for



for a variety of goods in Classes 9, 16, 24, 25 and 28, U.S. Reg. No. 3,085,762 for "THOMAS & FRIENDS" for a variety of goods in Classes 9, 16, 25, 28 and 41, U.S. Trademark Reg. No. 3,500,987 for "THOMAS & FRIENDS" for a variety of goods in Classes 3, 11, 14 and 24 and U.S. Trademark Reg. No. 3,531,151 for "THOMAS & FRIENDS" for a variety of goods in Classes 18, 20, 21 and 29 (collectively, the "Thomas & Friends Marks").  True and correct copies of the registration certificates for the Thomas & Friends Marks are attached hereto as **Exhibit A** and incorporated herein by reference

16.    The Thomas & Friends Marks are currently in use in commerce in connection with

---

[2] UNITED NATIONS, THOMAS & FRIENDS LAUNCH SDG COLLABORATION, Sept. 7, 2018, available at https://www.un.org/sustainabledevelopment/blog/2018/09/united-nations-thomas-friends-launch-sdg-collaboration/.
[3] *See* Brookes Barnes, *Thomas the Tank Engine to Receive a Multimillion-Dollar Sheen*, THE NEW YORK TIMES (Dec. 30, 2012), available at https://www.nytimes.com/2012/12/31/business/media/mattel-to-give-thomas-the-tank-engine-a-multimillion-dollar-sheen.html?_r=0.

the Thomas & Friends Products.  The Thomas & Friends Marks were first used in commerce on or before the dates of first use as reflected in the registration certificates attached hereto as Exhibit A.

17.     U.S. Trademark Reg. Nos. 3,799,968, 3,085,762, 3,500,987 and 3,531,151 are valid, subsisting and incontestable.

18.     In addition, Mattel is also the owner and/or licensee of both registered and unregistered copyrights in and related to the Thomas & Friends Products.

19.     For example, Mattel, through its wholly-owned subsidiary Gullane (Thomas) Limited, is the owner and/or licensee of U.S. Copyright Reg. PA 1-930-773, covering Thomas & Friends: The Thomas Way, U.S. Copyright Reg. TX 7-953-676, covering Thomas & Friends: Story Time Collection, U.S. Copyright Reg. TX 7-973-191, covering Thomas & Friends: Special Delivery (Lift-a-Flap Sound Book), U.S. Copyright Reg. TX 7-973-196, covering Thomas & Friends: Railway Race Day (Lift-a-Flap Sound Book), U.S. Copyright Reg. TX 7-973-208, covering Thomas & Friends: I'm Ready to Read with Thomas (Play-a-Sound book), U.S. Copyright Reg. TX 7-985-398, covering Thomas & Friends: I Can Help Thomas (Play-a-Sound book), U.S. Copyright Reg. TX 7-992-119, covering Thomas & Friends: Nine Favorite Tales (Little Golden Book Collection), U.S. Copyright Reg. TX 8-149-304, covering Thomas & Friends: Books & Blocks and U.S. Copyright Reg. TX 4-442-061, covering Thomas the tank engine / by W. Awdry (collectively, the "Thomas & Friends Works").  True and correct copies of the U.S. Copyright registration certificates for the Thomas & Friends Works are attached hereto as **Exhibit B** and incorporated herein by reference.

20.     Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its Thomas & Friends Products, Thomas &

Friends Marks and Thomas & Friends Works.

21.     The success of the Thomas & Friends Products is due in part to Plaintiff's marketing and promotional efforts.   These efforts include advertising and promotion through television, Mattel's website, retailer websites, print and internet-based advertising and placement of the Thomas & Friends Products at dozens of authorized major retail outlets, both domestically and abroad, including New York.

22.     Plaintiff's success is also due to its use of high quality materials and processes in making the Thomas & Friends Products.

23.     Additionally, Mattel owes a substantial amount of the success of the Thomas & Friends Products to its consumers and word-of-mouth buzz that its consumers have generated, including events featuring Thomas & Friends Products and meetups for fans. These events draw more than 8 million visitors each year, worldwide.

24.   The Thomas & Friends brand is also very successful in connection with mobile phone apps for children.   For example, according to AppAnnie, a third-party integrating app data with market trends and data, in 2017 the *Thomas & Friends Minis* app on iOS (the Apple App store) was the number one (1) most downloaded kids app in over 65 countries, and the number two (2) most downloaded kids app in the United States.

25.   Collectively, there are over 1.8 million fans on Facebook, Twitter and Instagram of *Thomas & Friends* and *Thomas & Friends* content has more than 9 billion views on YouTube.

26.     Plaintiff's efforts, the quality of Plaintiff's products, and the word-of-mouth buzz generated by its consumers have made the Thomas & Friends Marks, Thomas & Friends Works and Thomas & Friends Products prominently placed in the minds of the public.   Members of the public and retailers have become familiar with Plaintiff's Thomas & Friends Marks, Thomas &

Friends Works and Thomas & Friends Products, and have come to associate them exclusively with Mattel.  Mattel has acquired a valuable reputation and goodwill among the public as a result of such association.

27.     Mattel has gone to great lengths to protect its interests to the Thomas & Friends Products, Thomas & Friends Marks and Thomas & Friends Works.  No one other than Mattel and its authorized licensees and distributors is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Thomas & Friends Marks or Thomas & Friends Works without the express permission of Mattel.

## eBay and Defendants' User Accounts

28.     eBay.com is an online marketplace and e-commerce platform that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale and/or sell in what it characterizes as either auction-style or fixed-price formats and ship their retail products originating from China,[4] among other locations, directly to consumers worldwide and specifically those residing in the U.S., including New York (hereinafter, "eBay").

29.     A significant number of third-party merchants that have User Accounts with and operate Merchant Storefronts on eBay, like Defendants, are located in China.[5]  Of the top third-party merchants selling on eBay, 85% are based in China or Hong Kong.[6]  Currently, eBay claims that it has a base of 25 million third-party merchants and 168 million active buyers.[7]  Over the past 20 years, eBay has become one of the most popular e-commerce platforms in the world, currently

---

[4] *See* Andy Geldman, *The World's Top eBay Sellers,* WEBRETAILER (Sept. 18, 2017), https://www.webretailer.com/lean-commerce/worlds-top-ebay-sellers/.
[5] *See id*
[6] *See id*.
[7] *See* Michael Guta, *There are 168 Million Active Buyers on eBay Right Now (INFOGRAPHIC),* SMALL BUSINESS TRENDS (Mar. 23, 2018), https://smallbiztrends.com/2018/03/ebay-statistics-march-2018.html.

placing it as the sixth most popular website in the U.S.[8]  At any given time, eBay contains some 100 million listings and more than 6 million new listings are posted on it daily.[9]

30.　　　eBay aggressively uses the internet, including Facebook, Tumblr, Twitter and Instagram, to market itself and the products offered for sale and/or sold by its third-party merchant users to potential consumers, particularly those in the U.S.[10]  For example, 10% of the traffic eBay sends from its Facebook page to eBay.com converts into bids and/or purchases.

31.　　　As recently addressed in news reports[11] and as reflected in the federal lawsuits filed against third-party merchants offering for sale and selling infringing and/or counterfeit products on eBay,[12] an astronomical number of counterfeit and infringing products are offered for sale and sold on eBay at a rampant rate.[13]  For example, a consumer watchdog organization found that eBay[14] accounts for 61% of the 25 million counterfeit products that the organization has removed from various e-commerce platforms, including Amazon, Alibaba/AliExpress and Walmart.[15]

---

[8] *See id.*

[9] *See Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93 (2d Cir. 2010).

[10] *See* Christopher Ratcliff, *How eBay uses social media: Tumblr, Twitter and Instagram*, ECONSULTANCY (Jan. 22, 2015), https://econsultancy.com/blog/66000-how-ebay-uses-social-media-tumblr-twitter-and-instagram.

[11] *See 10 WAYS IN WHICH EBAY IS DRIVING SALES THROUGH SOCIAL MEDIA*, INTERNET OF THINGS EVENTS, https://www.iotevents.org/10-ways-in-which-ebay-is-driving-sales-through-social-media/.

[12] *See* Andi Sykes, *Specialized Wages Ware on Counterfeiters* (Dec. 9, 2016), http://singletrackworld.com/2016/12/specialized-wages-war-on-counterfeiters/.

[13] *See, e.g.*, *Cartier Int'l A.G. v. Replicapaneraiwatches*, 2018 U.S. Dist. LEXIS 8190, Case No. 17-62401-CIV-MOORE/SNOW (S.D. Fla. Jan. 17, 2018); *Gucci Am., Inc. v. BerryArt*, 2016 U.S. Dist. LEXIS 190557, Case No. 16-60771-CIV-WILLIAMS (S.D. Fla. May 12, 2016) and *Michael Kors L.L.C. v. Alwaysmylove*, 2016 U.S. Dist. LEXIS 190599, Case No. 16-CIV-60011-DIMITROULEAS/SNOW (S.D. Fla. Feb. 3, 2016).

[14] *See* Christina Warren, *Ebay Is Finally Doing Something About Counterfeit Goods,* GIZMODO (Jan. 12, 2017), https://gizmodo.com/ebay-is-finally-doing-something-about-counterfeit-goods-1791138822; *see also* United States Government Accountability Office, Report to the Chairman, Committee on Finance, U.S. Senate, Intellectual Property: Agencies Can Improve Efforts to Address Risks Posed by Changing Counterfeits Market (2018) and *eBay, Amazon Cracking Down on Counterfeit Goods Sold on their Sites*, WSB Radio (Mar. 5, 2018), https://www.wsbradio.com/video/local-video/ebay-amazon-cracking-down-counterfeit-goods-sold-their-sites/wSlkAYC27NEnMp61rRpKaJ/ (discussing an undercover study by the United States Government Accountability Office which found that nearly half of the products bought from third party sellers on Amazon and eBay were fake).

[15] *See* Ben Unglesbee, *Can Amazon and its marketplace rivals fix their counterfeits problem?*, RETAIL DIVE (April 9, 2018), https://www.retaildive.com/news/can-amazon-and-its-marketplace-rivals-fix-their-counterfeits-problem/520301/; *see also* THE COUNTERFEIT REPORT, https://www.thecounterfeitreport.com/.

eBay spends approximately $5 million per year to attempt to alleviate its counterfeiting issues.[16]

32.     Defendants are individuals and/or businesses, who, upon information and belief, are located in China but conduct business in the U.S. and other countries by means of their User Accounts and Merchant Storefronts on eBay as well as potential yet undiscovered additional online marketplace platforms.

33.     Through their Merchant Storefronts, Defendants offer for sale and/or sell consumer products, including Counterfeit Products, and target and ship such products to customers located in the U.S., including New York, and throughout the world.

34.     Defendants' Merchant Storefronts share unique identifiers, such as design elements along with similarities in price, description of the goods offered and of the Counterfeit Products themselves offered for sale.

35.     Defendants are in constant communication with each other and regularly participate in online chatroom discussions involving illegal counterfeiting activities, pending litigation and potential new lawsuits.

## Defendants' Wrongful and Infringing Conduct

36.     Particularly in light of Plaintiff's success with its Thomas & Friends Products, as well as the reputation they have gained, Plaintiff and its Thomas & Friends Products have become targets for unscrupulous individuals and entities who wish to capitalize on the goodwill, reputation and fame that Plaintiff has amassed in its Thomas & Friends Products, Thomas & Friends Marks and the works embodied in the Thomas & Friends Works and Plaintiff investigates and enforces against such activities..

37.     As part of these efforts, Plaintiff retained New Alchemy Limited ("NAL"), a

---

[16] *See* Declan McCullagh, *eBay wins counterfeit-sales suit filed by Tiffany*, CNET (July 15, 2008), https://www.cnet.com/news/ebay-wins-counterfeit-sales-suit-filed-by-tiffany.

company that provides trademark infringement research services, to investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling Counterfeit Products on eBay.

38.     Through NAL's investigative and enforcement efforts, Plaintiff learned of Defendants' actions which vary and include, but are not limited to: manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling products bearing or used in connection with the Thomas & Friends Marks and/or Thomas & Friends Works, and/or products in packaging and/or containing labels bearing the Thomas & Friends Marks and/or Thomas & Friends Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Thomas & Friends Marks and/or Thomas & Friends Works and/or products that are identical or confusingly or substantially similar to the Thomas & Friends Products (collectively referred to as, "Infringing Product(s)" or "Counterfeit Product(s)") to U.S. consumers, including those located in the state of New York, through Defendants' User Accounts and Merchant Storefronts. Printouts of listings for Counterfeit Products from Defendants' User Accounts and Merchant Storefronts are included in **Exhibit C** attached hereto and incorporated herein by reference**.**

39.     Defendants are not, and have never been, authorized by Plaintiff or any of its authorized agents, authorized licensees or authorized distributors to copy, manufacture, import, export, advertise, distribute, offer for sale or sell the Thomas & Friends Products or to use the Thomas & Friends Marks and Thomas & Friends Works, or any marks or artwork that are confusingly or substantially similar to the Thomas & Friends Marks or Thomas & Friends Works.

40.     Defendants' Counterfeit Products are nearly indistinguishable from Plaintiff's Thomas & Friends Products, only with minor variations that no ordinary consumer would

recognize.

41.     During its investigation, NAL identified Defendants as offering for sale and/or selling Counterfeit Products and specified a shipping address located in New York ("the New York Address") and verified that each Defendant provides shipping to the New York Address. Printouts of the checkout pages for the Counterfeit Products and pages from Defendants' Merchant Storefronts reflecting that the Defendants ship the Counterfeit Products to the New York Address are included in **Exhibit C** attached hereto and incorporated herein by reference.

42.     NAL confirmed that each Defendant was and/or is still currently offering for sale and/or selling Counterfeit Products through their respective Merchant Storefronts, accepting payment for such Counterfeit Products in U.S. Dollars through eBay's own payment processing services ("eBay Payment System"), or through accounts with the payment processing agency PayPal, Inc. ("PayPal"), and that each Defendant provides shipping and/or has actually shipped Counterfeit Products to the U.S., including to customers located in New York. NAL's findings are supported by Defendants' listings for Counterfeit Products and/or the checkout pages for the Counterfeit Products, which are included in **Exhibit C** attached hereto and incorporated herein by reference.

43.     For example, immediately below is an image of one of Plaintiff's Thomas & Friends Products, which typically retails for $10.99.  Depicted further below is a listing for Defendant 276470's Counterfeit Product ("276470 Infringing Listing" and "276470 Counterfeit Product," respectively).  The 276470 Infringing Listing appears on Defendant 276470's Merchant Storefront, https://www.ebay.com/itm/Mattel-Thomas-Friends-Gordon-Wooden-Toy-Train-New-Loose/323150321390, and offers the 276470 Counterfeit Product for $7.98 per item, using, featuring and/or incorporating one or more of the Thomas & Friends Marks, the Thomas & Friends

15

Works, and/or confusingly or substantially similar marks or artwork in the listing title "**Mattel Thomas & Friends** Gordon Wooden Toy Train New Loose" (emphasis added) and in the descriptions and/or product images in the body of the listing.  Further, the 276470 Counterfeit Product is virtually identical to one of Plaintiff's Thomas & Friends Products and features and/or incorporates one or more of the Thomas & Friends Works and Thomas & Friends Marks.  There is no question that the 276470 Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiff's Thomas & Friends Products or that the 276470 Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby trading off of the goodwill and reputation of Plaintiff by engaging in the unauthorized use of the Thomas & Friends Works and Thomas & Friends Marks:

<u>**Thomas & Friends Product**</u>



### 276470 Infringing Listing



44.     By way of another example, immediately below is an image of one of Plaintiff's Thomas & Friends Products, which typically retails for $24.99.  Depicted further below is a listing for Defendant homepage2009's Counterfeit Product ("homepage2009 Infringing Listing" and "homepage2009 Counterfeit Product," respectively).  The homepage2009 Infringing Listing appears on Defendant homepage2009's Merchant Storefront, https://www.ebay.com/itm/Thomas-and-Friends-THOMAS-BLUE-Pillow-pee-wee-10-Stuffed-doll-NO-TAGS-SALE/272033114708,  and offers the homepage2009 Counterfeit Product for $7.50 per item, using, featuring and/or incorporating one or more of the Thomas & Friends Marks, the Thomas & Friends Works, and/or confusingly or substantially similar marks or artwork in the listing title "**Thomas and Friends THOMAS BLUE Pillow pee wee 10" Stuffed doll NO TAGS SALE**" (emphasis added) and in the descriptions and/or product images in the body of the listing.   Further, the homepage2009 Counterfeit Product is virtually identical to one of Plaintiff's Thomas & Friends Products and features and/or incorporates one or more of the Thomas & Friends Works and Thomas & Friends

Marks.  There is no question that the homepage2009 Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiff's Thomas & Friends Products or that the homepage2009 Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby trading off of the goodwill and reputation of Plaintiff by engaging in the unauthorized use of the Thomas & Friends Works and Thomas & Friends Marks:

**Thomas & Friends Product**



**homepage2009 Infringing Listing**



45.     As another example, immediately below is an image of one of Plaintiff's Thomas & Friends Products, which typically retails for $7.89.   Depicted further below is a listing for

18

Defendant nihongint's Counterfeit Product ("nihongint Infringing Listing" and "nihongint Counterfeit Product," respectively).   The nihongint Infringing Listing appears on Defendant nihongint's Merchant Storefront, https://www.ebay.com/itm/Thomas-Friends-Railway-Engine-Tender-Magnetic-Wooden-Toy-Train-Loose-Gift/153129842514, and offers the nihongint Counterfeit Product for $1.99 per item, using, featuring and/or incorporating one or more of the Thomas & Friends Marks, the Thomas & Friends Works, and/or confusingly or substantially similar marks or artwork in the listing title "**Thomas & Friends** Railway Engine & Tender Magnetic Wooden Toy Train Loose Gift" (emphasis added) and in the descriptions and/or product images in the body of the listing.   Further, the nihongint Counterfeit Product is virtually identical to one of Plaintiff's Thomas & Friends Products and features and/or incorporates one or more of the Thomas & Friends Works and Thomas & Friends Marks.   There is no question that the nihongint Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiff's Thomas & Friends Products or that the nihongint Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby trading off of the goodwill and reputation of Plaintiff by engaging in the unauthorized use of the Thomas & Friends Works and Thomas & Friends Marks:

**<u>Thomas & Friends Product</u>**



19

**nihongint Infringing Listing**



46.    By these dealings in Counterfeit Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Counterfeit Products), Defendants violated Plaintiff's exclusive rights in the Thomas & Friends Marks and Thomas & Friends Works, and have used marks, images and artwork that are confusingly and/or substantially similar to, identical to and/or constitute counterfeiting and/or infringement of the Thomas & Friends Marks and Thomas & Friends Works in order to confuse consumers into believing that such Counterfeit Products are Thomas & Friends Products and aid in the promotion and sales of their Counterfeit Products.  Defendants' conduct began long after Plaintiff's adoption and use of the Thomas & Friends Marks and Thomas & Friends Works, after Plaintiff obtained the federal registrations in the Thomas & Friends Marks and Thomas & Friends Works, as alleged above, and after Plaintiff's Thomas & Friends Products, Thomas & Friends Marks and Thomas & Friends Works became well-known to the purchasing public.

47.     Prior to and contemporaneous with their counterfeiting and infringing actions alleged herein, Defendants had knowledge of Plaintiff's ownership of the Thomas & Friends Marks and Thomas & Friends Works, of the fame and incalculable goodwill associated therewith and of the popularity and success of the Thomas & Friends Products, and in bad faith adopted the Thomas & Friends Marks and Thomas & Friends Works.

48.     Defendants have been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiff, the Thomas & Friends Marks, Thomas & Friends Works and Thomas & Friends Products.

49.     Defendants' dealings in Counterfeit Products, as alleged herein, has caused, and will continue to cause confusion, mistake, economic loss, and has, and will continue to deceive consumers, the public and the trade with respect to the source or origin of Defendants' Counterfeit Products, thereby causing consumers to erroneously believe that such Counterfeit Products are licensed by or otherwise associated with Plaintiff, thereby damaging Plaintiff.

50.     By engaging in these actions, Defendants have, jointly and severally, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to Plaintiff: infringed and counterfeited the Thomas & Friends Marks, infringed the Thomas & Friends Works, committed unfair competition and unfairly and unjustly profited from such activities at Plaintiff's expense.

51.     Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Trademark Counterfeiting Under Sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d), and 1117(b)-(c)))**

52.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

53.     Plaintiff, through its wholly-owned subsidiary, Gullane (Thomas) Limited, is the exclusive owner of all right and title to the Thomas & Friends Marks.

54.     Plaintiff has continuously used the Thomas & Friends Marks in interstate commerce since on or before the dates of first use as reflected in the registrations attached hereto as **Exhibit A**.

55.     Without Plaintiff's authorization or consent, with knowledge of Plaintiff's well-known and prior rights in its Thomas & Friends Marks and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied and/or colorably imitated the Thomas & Friends Marks and/or used spurious designations that are identical with, or substantially indistinguishable from, the Thomas & Friends Marks on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

56.     Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold their Counterfeit Products to the purchasing public in direct competition with Plaintiff, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiff's rights in and to the Thomas & Friends Marks through their participation in such activities.

57.     Defendants have applied their reproductions, counterfeits, copies and colorable imitations of the Thomas & Friends Marks to packaging, point-of-purchase materials, promotions

and/or advertisements intended to be used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with or are otherwise authorized by Plaintiff, thereby making substantial profits and gains to which they are not entitled in law or equity.

58.     Defendants' unauthorized use of the Thomas & Friends Marks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiff or its authorized agents and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the Thomas & Friends Marks.

59.     Defendants' actions constitute willful counterfeiting of the Thomas & Friends Marks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c).

60.     As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to Plaintiff, its business, its reputation and its valuable rights in and to the Thomas & Friends Marks and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and its valuable Thomas & Friends Marks.

61.     Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of

Defendants' unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale or distributed and reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION
### (Infringement of Registered Trademarks)
### [115 U.S.C. § 1114/Lanham Act § 32(a)]

62.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

63.     Plaintiff has continuously used the Thomas & Friends Marks in interstate commerce since on or before the dates of first use as reflected in the registration certificate attached hereto as **Exhibit A**.

64.     Plaintiff, through its wholly-owned subsidiary, Gullane (Thomas) Limited, as owner of all right, title and interest in and to the Thomas & Friends Marks, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

65.     Defendants were, at the time they engaged in their actions as alleged herein, actually aware that Plaintiff is the owner of the federal trademark registrations for the Thomas & Friends Marks.

66.     Defendants did not seek and thus inherently failed to obtain consent or authorization from Plaintiff, as the registered trademark owner of the Thomas & Friends Marks, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale and/or sell Thomas & Friends Products and/or related products bearing the Thomas & Friends Marks into the stream of commerce.

67.     Defendants knowingly and intentionally manufactured, imported, exported,

advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Counterfeit Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the Thomas & Friends Marks and/or which are identical or confusingly similar to the Thomas & Friends Marks.

68.     Defendants knowingly and intentionally reproduced, copied and colorably imitated the Thomas & Friends Marks and applied such reproductions, copies or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Defendants' Counterfeit Products.

69.     Defendants were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that Plaintiff is the owner of all rights in and to the Thomas & Friends Marks.

70.     Defendants' egregious and intentional use of the Thomas & Friends Marks in commerce on or in connection with Defendants' Counterfeit Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Counterfeit Products, and is likely to deceive the public into believing that Defendants' Counterfeit Products are Plaintiff's Thomas & Friends Products or are otherwise associated with, or authorized by, Plaintiff.

71.     Defendants' actions have been deliberate and committed with knowledge of Plaintiff's rights and goodwill in the Thomas & Friends Marks, as well as with bad faith and the intent to cause confusion, mistake and deception.

72.     Defendants' continued, knowing, and intentional use of the Thomas & Friends Marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's

federally registered Thomas & Friends Marks in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

73.      As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, Plaintiff has suffered substantial monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to the Thomas & Friends Marks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and the valuable Thomas & Friends Marks.

74.      Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### (False Designation of Origin, Passing Off & Unfair Competition)
### [15 U.S.C. § 1125(a)/Lanham Act § 43(a)]

75.      Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

76.      Plaintiff, as the owner of all right, title and interest in and to the Thomas & Friends Marks through its wholly-owned subsidiary Gullane (Thomas) Limited, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

77.      The Thomas & Friends Marks are inherently distinctive and/or have acquired

distinctiveness.

78.     Defendants knowingly and willfully used in commerce products and/or packaging designs that are identical or confusingly or substantially similar to, and constitute reproductions of the Thomas & Friends Marks and Thomas & Friends Works and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendants' substandard Counterfeit Products are Thomas & Friends Products or related products, and/or that Defendants' Counterfeit Products are authorized, sponsored, approved, endorsed or licensed by Plaintiff and/or that Defendants are affiliated, connected or associated with Plaintiff, thereby creating a likelihood of confusion by consumers as to the source of such Counterfeit Products, and allowing Defendants to capitalize on the goodwill associated with, and the consumer recognition of, the Thomas & Friends Marks and Thomas & Friends Works, to Defendants' substantial profit in blatant disregard of Plaintiff's rights.

79.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products that are identical to, confusingly similar to or which constitute colorable imitations of Plaintiff's Thomas & Friends Products using marks and/or artwork that is identical and/or confusingly or substantially similar to, or which constitute colorable imitations of the Thomas & Friends Marks and Thomas & Friends Works, Defendants have traded off the extensive goodwill of Plaintiff and its Thomas & Friends Products and did in fact induce, and intend to, and will continue to induce customers to purchase Defendants' Counterfeit Products, thereby directly and unfairly competing

with Plaintiff.   Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff and its Thomas & Friends Marks, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

80.     Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of and continuing use in commerce of marks and artwork that are identical or confusingly or substantially similar to and constitute reproductions of the Thomas & Friends Marks and Thomas & Friends Works would cause confusion, mistake or deception among purchasers, users and the public.

81.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public and with the intent to trade on the goodwill and reputation Plaintiff, its Thomas & Friends Products, Thomas & Friends Marks and Thomas & Friends Works.

82.     As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to Plaintiff by depriving Plaintiff of sales of its Thomas & Friends Products and by depriving Plaintiff of the value of its Thomas & Friends Marks and Thomas & Friends Works as commercial assets in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to Plaintiff and the goodwill and reputation associated with the value of Thomas & Friends Marks and Thomas & Friends Works.

83.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiff has sustained and will sustain as a result of Defendants' illegal and infringing actions

as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### (Federal Copyright Infringement)
### [17 U.S.C. § 501(a)]

84.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

85.    Plaintiff, through its wholly-owned subsidiary, Gullane (Thomas) Limited, is the exclusive owner of the Thomas & Friends Works.

86.    Defendants had actual notice of Plaintiff's exclusive rights in and to the Thomas & Friends Works.

87.    Defendants did not attempt and therefore inherently failed to obtain Plaintiff's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform and/or market Plaintiff's Thomas & Friends Products and/or Thomas & Friends Works.

88.    Without permission, Defendants knowingly and intentionally reproduced, copied, and displayed the Thomas & Friends Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products which bear such Thomas & Friends Works, or artwork that is, at a minimum, substantially similar to the Thomas & Friends Works.

89.    Defendants' unlawful and willful actions as alleged herein constitute infringement of the Thomas & Friends Works, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such Thomas & Friends Works in violation of 17 U.S.C. § 501(a).

90.    Defendants' knowing and intentional copyright infringement, as alleged herein,

has caused substantial and irreparable harm to Plaintiff in an amount as yet unknown but to be proven at trial, for which Plaintiff has no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to Plaintiff.

91.    Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief, Plaintiff's actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
### (Violation of Deceptive Acts and Practices Unlawful)
### [N.Y. Gen. Bus. Law § 349]

92.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

93.    Through Defendants' unlawful, unauthorized and unlicensed use of the Thomas & Friends Works and/or Thomas & Friends Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products which are identical and/or confusingly or substantially similar to Plaintiff's Thomas & Friends Products, Defendants have engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York.

94.    Defendants' aforementioned conduct was and is a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce.  Such conduct has deceived and materially mislead or has a tendency to deceive and materially mislead the consuming public, and has injured and will continue to injure Plaintiff's business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 349.

95.    As a result of Defendants' actions alleged herein, Plaintiff has suffered and will

continue to suffer irreparable harm for which it has no adequate remedy at law.

96.     Pursuant to N.Y. Gen. Bus. Law § 349(h), Plaintiff is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

### SIXTH CAUSE OF ACTION
### (False Advertising Unlawful)
### [N.Y. Gen. Bus. Law § 350]

97.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

98.     Without the authorization of Plaintiff, Defendants have used the Thomas & Friends Marks and/or Thomas & Friends Works and/or marks and/or artwork and/or packaging designs that are identical and/or confusingly or substantially similar to the Thomas & Friends Marks and/or Thomas & Friends Works in connection with the advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products which are identical and/or confusingly or substantially similar to Plaintiff's Thomas & Friends Products, causing confusion, mistake and deceiving consumers and the public as to the source, origin, sponsorship or quality of Defendants' Counterfeit Products.

99.     Defendants' aforementioned willful and intentional conduct constitutes false advertising in the conduct of any business, trade or commerce and has injured and will continue to injure Plaintiff's business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 350.

100.    As a result of Defendants' actions alleged herein, Plaintiff has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

101.    Pursuant to N.Y. Gen. Bus. Law § 350(e), Plaintiff is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs,

disbursements and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (Unfair Competition)
### [New York Common Law]

102.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

103.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products, Defendants have traded off the extensive goodwill of Plaintiff and its Thomas & Friends Products to induce, and did induce and intend and will continue to induce, customers to purchase their Counterfeit Products, thereby directly competing with Plaintiff.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

104.     Defendants' advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products was and is in violation and derogation of Plaintiff's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship or quality of Defendants' Counterfeit Products.

105.     Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products and their continuing advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products would cause confusion and mistake, or deceive purchasers, users and the public.

106.     Upon information and belief, Defendants' aforementioned wrongful actions have

been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of Plaintiff's rights, and for the wrongful purpose of injuring Plaintiff, and its competitive position while benefiting Defendants.

107.    As a direct and proximate result of Defendants' aforementioned wrongful actions, Plaintiff has been and will continue to be deprived of substantial sales of its Thomas & Friends Products in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law, and Plaintiff has been and will continue to be deprived of the value of its Thomas & Friends Marks and Thomas & Friends Works as commercial assets in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law.

108.    As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from their infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct.

### EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)
### [New York Common Law]

109.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

110.    By virtue of the egregious and illegal acts of Defendants as described herein, Defendants have been unjustly enriched in an amount to be proven at trial.

111.    Defendants' retention of monies gained through their deceptive business practices, infringement, acts of deceit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants, inclusive, and each of them, as follows:

A.      For an award of Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a)(3) and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B.      In the alternative to Defendants' profits and Plaintiff's actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c)  in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale or distributed, as the Court considers just, which Plaintiff may elect prior to the rendering of final judgment;

C.      For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for willful trademark infringement of Plaintiff's federally registered Thomas & Friends Marks, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

D.      For an award of Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.      For an award of Plaintiff's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of the Thomas & Friends Works under 17 U.S.C. § 501(a);

F.      In the alternative to Plaintiff's actual damages and Defendants' profits for copyright infringement of the Thomas & Friends Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which Plaintiff may elect prior to the rendering of final judgment

G.      For an award of damages in an amount to be proven at trial for deceptive acts and practices unlawful pursuant to N.Y. Gen. Bus. Law. § 349(h);

H.      For an award of damages to be proven at trial for false advertising pursuant to N.Y. Gen. Bus. Law. § 350(e);

I.      For an award of damages to be proven at trial for common law unfair competition;

J.      For an award of damages in an amount to be proven at trial for unjust enrichment;

K.      For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

        i.   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing and/or Counterfeit Products;

        ii.  directly or indirectly infringing in any manner any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created)

including, without limitation, the Thomas & Friends Marks and Thomas & Friends Works;

iii.  using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Thomas & Friends Marks and Thomas & Friends Works, to identify any goods or services not authorized by Plaintiff;

iv.  using any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Thomas & Friends Marks or Thomas & Friends Works, or any other marks or artwork that are confusingly or substantially similar to the Thomas & Friends Marks or Thomas & Friends Works, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

v.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and

Defendants' commercial activities by Plaintiff;

vi.   engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Counterfeit Products;

vii.   engaging in any other actions that constitute unfair competition with Plaintiff;

viii.   engaging in any other act in derogation of Plaintiff's rights;

ix.   secreting, destroying, altering, removing or otherwise dealing with the Counterfeit Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

x.   from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' User Accounts or Merchant Storefronts, any money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) ("Defendants' Assets") from or to accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefronts (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit

Products;

xi.   from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendants' Assets from or Defendants' Financial Accounts until further ordered by this Court;

xii.   effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action;

xiii.   providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

xiv.   instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (xiii) above; and

L.   For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to Plaintiff for destruction any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Thomas & Friends Marks or Thomas & Friends Works, or bear any marks that are confusingly or substantially similar to the Thomas & Friends Marks or Thomas & Friends Works;

M.   For an order of the Court requiring that Defendants deliver up for destruction to

Plaintiff any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Thomas & Friends Marks or Thomas & Friends Works, or bear any marks that are confusingly or substantially similar to the Thomas & Friends Marks or Thomas & Friends Works pursuant to 15 U.S.C. § 1118;

N.      For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing and/or Counterfeit Products as described herein, including prejudgment interest;

O.      For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to Plaintiff;

P.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

Q.      For Plaintiff's reasonable attorneys' fees;

R.      For all costs of suit; and

S.      For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.


Dated: November 9, 2018                    Respectfully submitted,

                                           EPSTEIN DRANGEL LLP


                                           BY:  _____
                                                Spencer Wolgang (SW 2389)
                                                swolgang@ipcounselors.com
                                                Mary Kate Brennan (MB 5595)
                                                mbrennan@ipcounselors.com
                                                Ashly E. Sands (AS 7715)
                                                asands@ipcounselors.com
                                                Jason M. Drangel (JD 7204)
                                                jdrangel@ipcounselors.com
                                                Brieanne Scully (BS 3711)
                                                bscully@ipcounselors.com
                                                60 East 42nd Street, Suite 2520
                                                New York, NY 10165
                                                Telephone:    (212) 292-5390
                                                Facsimile:    (212) 292-5391
                                                *Attorneys for Plaintiff*
                                                *Mattel, Inc.*

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office



**Reg. No. 3,799,968**

**Registered June 8, 2010**

**Int. Cls.: 3, 9, 11, 14, 16, 24, 25, 28, and 41**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

GULLANE (THOMAS) LIMITED (UNITED KINGDOM CORPORATION)
149 TOTTENHAM COURT ROAD
MAPLE HOUSE, 5TH FLOOR
LONDON, UNITED KINGDOM W1T7NF

FOR: BABY WIPES, TOOTHPASTE, SHAMPOO, HAIR CONDITIONER, TALCUM POWDER, SKIN MOISTURIZER, SKIN SOAP, FRAGRANCES FOR COSMETIC USE; LIP BALM, BUBBLE BATH, ALL PURPOSE COTTON SWABS FOR PERSONAL USE, COTTON BALLS FOR PERSONAL USE, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FOR: PRERECORDED VIDEO CASSETTES, AUDIO CASSETTES FEATURING CHILD THEMES; CDS, DVDS AND OPTICAL AND MAGNETO-OPTICAL DISCS FEATURING MUSIC, STORIES, STILL IMAGES AND MOTION PICTURES FOR CHILDREN'S ENTERTAINMENT; ELECTRONIC BOOKS FOR CHILDREN RECORDED ON COMPUTER MEDIA, DVD PLAYERS, VIDEOCASSETTE PLAYERS, AUDIO CASSETTE PLAYERS, TELEVISIONS, PERSONAL STEREOS, MP3 PLAYERS, WALKIE-TALKIES, DECORATIVE MAGNETS, SPORT WHISTLES, CD CASES, CELL PHONES, CELL PHONE COVERS, VIDEO GAME CARTRIDGES AND COMPUTER SOFTWARE FEATURING EDUCATIONAL AND ENTERTAINMENT PROGRAMS FOR CHILDREN; SUNGLASSES, SPECTACLE FRAMES, BICYCLE HELMETS, DISPOSABLE CAMERAS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FOR: ELECTRIC HOLIDAY LIGHTS; NIGHT LIGHTS, LAMPS, LAMP SHADES, LIGHT WANDS, FLASHLIGHTS, BICYCLE REFLECTORS, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FOR: WATCHES, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 0-0-2007; IN COMMERCE 0-0-2007.

FOR: CHILDREN'S BOOKS, COLORING BOOKS, CHILDREN'S ACTIVITY BOOKS, STICKERS, STICKER BOOKS, STICKER ALBUMS, BOOKENDS, PHOTO ALBUMS, PHOTO STORAGE BOXES, SCRAP BOOKS, CHILDREN'S MAGAZINES IN THE FIELD OF GENERAL FEATURES, FLASH CARDS, BOXED NOTE CARDS, STATIONERY, PAPER GIFT WRAP, PAPER GIFT BAGS, PAPER GIFT BOXES, PAPER GIFT TAGS, PAPER RIBBONS FOR GIFT WRAPPING, GREETING CARDS, INVITATION CARDS, PAPER TABLE CLOTHS, PAPER NAPKINS, PAPER GARLANDS, PAPER DIARIES, PAPER ORGANIZERS, ADDRESS BOOKS, NOTEBOOKS, DISPOSABLE DIAPERS, PAPER BOOKMARKS, CALENDARS, GREETING CARDS, PENCILS, PENCIL CASES, PENCIL SHARPENERS, RUBBER ERASERS, PENS, CRAYONS, MARKERS, PAINTING SETS FOR CHILDREN AND ARTISTS, DRAWING PAPER, SKETCH PADS, CONSTRUCTION PAPER, EASELS, CHALK, RUBBER STAMP SETS CONSISTING OF RUBBER STAMPS AND INK PADS; DRAWING RULERS, MODELING



*David J. Kappos*

Director of the United States Patent and Trademark Office

1

**Reg. No. 3,799,968**   CLAY, TEMPORARY TATTOOS, DRY ERASE WRITING BOARDS; PLASTIC BAGS FOR PARTY FAVORS, BULLETIN BOARDS, KITS COMPRISED OF REUSABLE DESIGN STICKERS FOR ATTACHMENT TO PLAY SURFACES, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FOR: TEXTILE TABLE CLOTHS AND TABLE MATS; TOWELS, WASH CLOTHS, SHOWER CURTAINS, BLANKETS, THROWS, BED SHEETS, DUVET COVERS, BED SKIRTS, BED SPREADS, PILLOW COVERS, CURTAINS, HANDKERCHIEFS, TEXTILE WALL HANGINGS, FABRIC FLAGS, IN CLASS 24 (U.S. CLS. 42 AND 50).

FOR: CLOTH BIBS, HATS, SOCKS, SCARVES, MITTENS, GLOVES, HOSIERY, EARMUFFS, SLIPPER SOCKS, PONCHOS, RAINCOATS, PAJAMAS, ROBES, NIGHTGOWNS, INFANT SLEEPERS, BODYSUITS, LEGGINGS, BOOTS, SHOES, SANDALS, SLIPPERS, T-SHIRTS, JACKETS, COATS, JUMPERS, NECKTIES, VESTS, WAISTCOATS, DRESSES, PANTS, BELTS, DUNGAREES, SKIRTS, SHORTS, SWEATERS, SWIMWEAR, SWEATSHIRTS, SWEAT PANTS, FLEECE PULLOVERS, WIND RESISTANT JACKETS; WIND RESISTANT PANTS; SNOWSUITS, SNOW PANTS, UNDERWEAR, APRONS, MASQUERADE COSTUMES, IN CLASS 25 (U.S. CLS. 22 AND 39).

FOR: (BASED ON 44(E)) PLUSH TOYS, TOY BUILDING BLOCKS, TOY FIRE TRUCKS, TOY VEHICLES, TOY CONSTRUCTION SETS; ELECTRONIC NOVELTY TOYS, NAMELY, TOYS FEATURING MUSIC, SOUND, LIGHT AND/OR MOVEMENT; ELECTRONIC LEARNING TOYS; WOODEN TOYS, NAMELY, TRAINS AND TRAIN ACCESSORIES; HANDHELD ELECTRONIC GAMES, PLAY SETS COMPRISED OF FIGURES AND AC-CESSORIES WITH TOY BUILDINGS, LANDSCAPES, ENVIRONMENTS AND/OR SETTINGS; TOY DIECAST FIGURES, TOY PLASTIC FIGURES, TOY TRAINS; LEARNING TOYS, NAMELY, TOYS FOR TEACHING LANGUAGE, ALPHABET, NUMBERS, COLORS, SPATIAL RELATIONSHIPS, MANNERS, VOCABULARY, AND/OR MATH; BOARD GAMES, PLAYING CARDS, CARD GAMES, JIGSAW PUZZLES, MANIPULATIVE PUZZLES, CARDS FOR PLAYING A MATCHING CARD GAME; MULTIPLE ACTIVITY BABY TOYS, CRIB TOYS, CRIB MOBILES, BATH TOYS, BUBBLE MAKING TOYS, SAND TOYS, INFLATABLE TOYS, SPORTS EQUIPMENT, NAMELY, BASEBALL GLOVES, BASEBALL BATS, SPORTS BALLS, JUMP ROPES, ROLLER SKATES AND ATHLETIC PROTECTIVE PADS FOR ROLLER SKATING; PLAYGROUND BALLS, TOY SCOOTERS, PLAYHOUSES FOR CHILDREN, KITCHEN PLAY SETS COMPRISED OF PLASTIC TOY APPLIANCES, PLASTIC TOY UTENSILS, PLASTIC TOY PLATES, AND PLASTIC TOY FOOD; HOUSE CLEANING PLAY SETS COMPRISED OF PLASTIC TOY CLEANING EQUIPMENT AND TOY ACCESSORIES; COIN-OPERATED AMUSEMENT RIDES, RIDE-ON TOYS, PULL TOYS, BALLOONS, PIÑATAS, BABY RATTLES, POGO STICKS, CHRISTMAS STOCKINGS; CHRISTMAS TREE ORNAMENTS; DOLLS, BEAN BAG DOLLS, PUPPETS, SNOW GLOBES, TOY CHRISTMAS TREES, TOY MUSIC BOXES, WATER PISTOLS; PARTY FAVORS IN THE NATURE OF CRACKERS AND NOISEMAKERS; (BASED ON USE IN COMMERCE) KITES, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 0-0-2007; IN COMMERCE 0-0-2007.

FOR: ENTERTAINMENT SERVICES, NAMELY, AN ON-GOING SERIES OF PROGRAMS FOR CHILDREN PROVIDED THROUGH BROADCAST TELEVISION, CABLE TELEVISION, AND SATELLITE TELEVISION; PERSONAL APPEARANCES BY COSTUMED CHARAC-TERS; PROVISION OF EDUCATION AND ENTERTAINMENT FOR CHILDREN BY MEANS OF THE INTERNET, NAMELY, PROVIDING A WEBSITE FEATURING EDUCATIONAL GAMES IN THE FIELDS OF LANGUAGE, ALPHABET, NUMBERS, COLORS, SPATIAL RELATIONSHIPS, MANNERS, VOCABULARY, AND/OR MATH, AND INFORMATION ABOUT CHILDREN'S TELEVISION PROGRAMS; FAN CLUBS; EDUCATIONAL SERVICES IN THE NATURE OF LANGUAGE INSTRUCTION, THEME PARK SERVICES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

**Reg. No. 3,799,968**   PRIORITY CLAIMED UNDER SEC. 44(D) ON UNITED KINGDOM APPLICATION NO. 2448329, FILED 3-3-2007, REG. NO. 2448329, DATED 9-7-2007, EXPIRES 3-3-2017.

THE MARK CONSISTS OF THE DESIGN OF A TRAIN WITH A FACE ON TRACKS WITH THE NUMBER "1" ON THE SIDE.

SN 77-267,930, FILED 8-30-2007.

DOMINIC J. FERRAIUOLO, EXAMINING ATTORNEY

Int. Cls.: 9, 16, 25, 28, and 41

Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38, 39, 50, 100, 101, and 107

Reg. No. 3,085,762

## United States Patent and Trademark Office

Registered Apr. 25, 2006

### TRADEMARK
### SERVICE MARK
### PRINCIPAL REGISTER



GULLANE (THOMAS) LLC (DELAWARE LTD LIAB CO)
300 DELAWARE AVENUE, SUITE 518
WILMINGTON, DE 19801

FOR: AMUSEMENT APPARATUS AND GAMES, NAMELY, VIDEO GAMES FOR USE WITH TELE-VISION AND INTERACTIVE COMPUTER GAMES FOR CHILDREN ON CD ROMS; COMPUTER PRO-GRAMS AND COMPUTER SOFTWARE FOR USE IN DATABASE MANAGEMENT AND FOR USE IN INTERACTIVE COMPUTER GAMES FOR CHIL-DREN; PRE-RECORDED DISCS, AUDIO AND VI-DEO AND COMPUTER CASSETTES FEATURING GAMES, MUSIC, SPOKEN WORD AND VISUAL LIVE AND CARTOON ANIMATION; ELECTRONIC GAMES FOR CHILDREN, NAMELY, AN ELECTRO-NIC MOLDED SET WHICH FITS OVER A COMPU-TER KEYBOARD FOR PLAYING COMPUTER GAMES; ELECTRONIC BOOKS FOR CHILDREN AND CARTRIDGES FOR ELECTRONIC BOOKS FOR CHILDREN; DOWNLOADABLE ELECTRONIC PUBLICATIONS IN THE NATURE OF MAGAZINES AND BOOKS FEATURING STORIES AND GAMES FOR CHILDREN; SUNGLASSES; CAMERAS; CHAINS, CORDS AND FRAMES FOR SUNGLAS-SES; COMPUTER HARDWARE; DECORATIVE MAGNETS; VIDEO GAME CARTRIDGES; WALKIE TALKIES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 2-0-2003; IN COMMERCE 2-0-2003.

FOR: PHOTOGRAPH ALBUMS; ARTISTS MATE-RIALS, NAMELY, SKETCH PADS; PAPER BADGES; PLASTIC BAGS FOR PACKAGING; BOOKS, NAME-LY, HARD AND SOFT BACKED CHILDREN'S BOOKS, CHILDREN'S BOOK SETS, SCRAP BOOKS;

PRINTED PAPER CATALOGUES ADVERTISING CHILDREN'S TOYS, GAMES, CLOTHING AND EN-TERTAINMENT; PRINTED PAPER OR CARD CER-TIFICATES; PAPER WRITING BOOKS CONTAINING PLAIN, RULED, LINED AND GRAPH PAPER; PAPER AND CARDBOARD GIFT TAGS; GOODS MADE FROM PAPER AND CARD-BOARD, NAMELY, BOXED, FRAME TRAY, MINI, AND LIFT AND LOOK CARDBOARD PUZZLES; INSTRUCTIONAL AND TEACHING MATERIAL, NAMELY, FLASHCARDS; MODELING MATERI-ALS, NAMELY, MODELING CLAY; PAINTING MATERIALS, NAMELY, CANVAS FOR PAINTING; PAPER PARTY GOODS, NAMELY, PLACE MATS; PAPER PUZZLES, NAMELY, CROSSWORD, WORD SEARCH, MAZE, QUIZ, AND JOIN THE DOT PUZZLES; PHOTOGRAPH STANDS, HOLDERS MADE OF PAPER OR CARDBOARD; CAKE DEC-ORATIONS MADE FROM PAPER; PRINTS; PIC-TURES; PAINTINGS; PRINTED MATERIALS, NAMELY, PLACARDS OF PAPER AND CARD-BOARD; MAGAZINES, PAMPHLETS, BROCHURES, NEWSLETTERS, ALL FOR CHILDREN; STAMP PADS; STAMPS, NAMELY, RUBBER STAMPS; PA-PER TABLE CLOTHS; PRINTED PAPER OR CARDS FOR ENTRANCE INTO ENTERTAINMENT EVENTS; TRACING PATTERNS; AND IRON-ON TRANSFERS; CHILDREN'S ACTIVITY BOOKS; BLACKBOARDS; BOOK MARKS; BOOKENDS; BOXES OF CARDBOARD OR PAPER; CALENDARS; CARDBOARD; CHALK; COLORING BOOKS; CRAYONS; DIARIES; DRAWING INSTRUMENTS; ERASERS; FOLDERS; GIFT WRAPPING PAPER; GREETING CARDS; NOTEBOOKS; PAINTERS EA-SELS; PAPER BANNERS; PAPER FLAGS; PAPER NAPKINS; PAPER PARTY DECORATIONS; PAPER TISSUES; PARTY INVITATIONS; PENCIL CASES;

4

PENCIL SHARPENERS; PENCILS; POSTCARDS; POSTERS; STATIONERY; STENCIL SETS; STENCILS; STICKERS; TRADING CARDS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 0-0-2000; IN COMMERCE 0-0-2000.

FOR: CLOTHING, NAMELY, T-SHIRTS, SWEATSHIRTS, COATS, WIND SUITS, POLAR SUITS, SKI JACKETS, SKI PANTS, PONCHOS, JEANS, PYJAMAS, SLEEP WEAR, BATHING SUITS, TANK TOPS, BRACES, SHIRTS, JUMPERS, UNDERGARMENTS, PANTS, SHORTS, SOCKS, JACKETS TIES, FANCY DRESS COSTUMES, ROMPER SUITS, CLOTH AND PLASTIC BIBS FOR EATING FOR BABIES, OVERALLS, SHORTALLS, SCARVES, MITTENS, GLOVES, EARMUFFS, BANDANNAS; HEADGEAR, NAMELY, HATS, AND BASEBALL CAPS; FOOTWEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-2001; IN COMMERCE 0-0-2001.

FOR: AMUSEMENT PARK AND FAIRGROUND RIDES; HAND HELD GAME MACHINES; GAMES, TOYS AND PLAYTHINGS, NAMELY, BALLS, BUILDING BLOCKS, BOARD GAMES, MODEL TRAINS AND VEHICLES, ACCESSORIES FOR MODEL TRAINS AND VEHICLES, NAMELY STORAGE CASES, TOY BRIDGES, TOY BUILDINGS, TOY TRAIN TRACKS, AND TOY TREES; PLAY SETS COMPRISING MODEL TRAINS AND ACCESSORIES, NAMELY STORAGE CASES, TOY BRIDGES, TOY BUILDINGS, TOY TRAIN TRACKS, AND TOY TREES; PLUSH TOYS; ROCKING TOYS; RIDE-ON TOY TRAINS AND VEHICLES; SPINNING TOPS; SLIDES; SWINGS; DOLLS; PLAY TENTS; WIRE FRAME PUZZLES; PARTY FAVORS IN THE NATURE OF SMALL TOYS; FELT PLAY SETS; FOAM PUZZLES; KALEIDOSCOPES; JIGSAW PUZZLES; BOARD GAMES TO BE PLAYED ON THE FLOOR; BOARD GAMES FEATURING NUMBERS; AND BOARD GAMES FEATURING COLORS AND SHAPES; BLOCK PUZZLES; PEGGED PUZZLES; FRAME TRAY PUZZLES; DIE-CUT PUZZLES; MAGNETIC PUZZLES AND BATH TOYS; FLIPPERS FOR SWIMMING; YO-YO'S; CHILDREN'S BI-CYCLES; NOVELTIES, NAMELY, SNOW GLOBES; TOY FIGURINES MADE OF RESIN; BALLOONS; CHRISTMAS TREE DECORATIONS; PLAYING CARDS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 6-0-2002; IN COMMERCE 6-0-2002.

FOR: ARRANGING AND CONDUCTING WORKSHOPS FOR CHILDREN ON THE SUBJECT OF TRAINS AND RAILWAYS; CLUB SERVICES, NAMELY, FAN CLUB SERVICES; ENTERTAINMENT SERVICES, NAMELY, ENTERTAINMENT IN THE NATURE OF ONGOING TELEVISION, RADIO AND FILM PROGRAMS; LIVE EVENTS IN THE FIELD OF CHILDREN'S ENTERTAINMENT FEATURING A REPLICA RAILROAD ENGINE; EDUCATIONAL AND ENTERTAINMENT SERVICES, NAMELY, PROVIDING ENTERTAINMENT INFORMATION FOR CHILDREN BY MEANS OF A GLOBAL COMPUTER NETWORK; SCRIPT WRITING SERVICES IN THE NATURE OF WRITING SCRIPTS FOR CHILDREN'S TELEVISION, FILM AND LIVE THEATRICAL ENTERTAINMENT; ARRANGING AND CONDUCTING RE-ENACTMENTS FROM A CHILDREN'S TELEVISION SERIES FEATURING AN ANIMATED TANK ENGINE; AMUSEMENT PARK SERVICES; ENTERTAINMENT SERVICES, NAMELY, PROVIDING AN ON-LINE COMPUTER GAME PROGRAM; MUSEUM SERVICES; PRODUCTION OF FILMS AND RADIO AND TELEVISION PROGRAMS; PRODUCTION, DISTRIBUTION, RENTAL AND EXHIBITION OF FILMS AND TELEVISION AND RADIO PROGRAMS; PROVIDING DIGITAL MUSIC FROM THE INTERNET; PUBLICATION OF BOOKS; THEATRE PRODUCTION SERVICES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 0-0-2000; IN COMMERCE 0-0-2000.

OWNER OF U.S. REG. NOS. 2,009,287 AND 2,324,539.

SN 76-363,909, FILED 1-25-2002.

CAROLINE WEIMER, EXAMINING ATTORNEY

Int. Cls.: 3, 11, 14 and 24

Prior U.S. Cls.: 1, 2, 4, 6, 13, 21, 23, 27, 28, 31, 34, 42,
50, 51 and 52

Reg. No. 3,500,987

**United States Patent and Trademark Office**     Registered Sep. 16, 2008

## TRADEMARK
### PRINCIPAL REGISTER



GULLANE (THOMAS) LIMITED (UNITED KING-
  DOM CORPORATION)

149 TOTTENHAM COURT ROAD

MAPLE HOUSE, 5TH FLOOR

LONDON, UNITED KINGDOM W1T7NF

FOR: BABY WIPES, TOOTHPASTE, SHAMPOO,
HAIR CONDITIONER, TALCUM POWDER, SKIN
MOISTURIZER, SKIN SOAP, FRAGRANCES FOR
COSMETIC USE; LIP BALM, BUBBLE BATH, ALL
PURPOSE COTTON SWABS FOR PERSONAL USE,
COTTON BALLS FOR PERSONAL USE, IN CLASS 3
(U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FOR: ELECTRIC HOLIDAY LIGHTS; NIGHT
LIGHTS, LAMPS, LAMP SHADES, LIGHT WANDS,
FLASHLIGHTS, BICYCLE REFLECTORS, IN CLASS
11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FOR: CLOCKS AND WATCHES, HOLIDAY OR-
NAMENTS MADE OF PRECIOUS METALS, IN
CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FOR: TEXTILE TABLE CLOTHS AND TABLE
MATS; TOWELS, WASH CLOTHS, SHOWER CUR-
TAINS, BLANKETS, THROWS, BED SHEETS, DU-
VET COVERS, BED SKIRTS, BED SPREADS,
PILLOW COVERS, CURTAINS, HANDKERCHIEFS,
TEXTILE WALL HANGINGS, FABRIC FLAGS, IN
CLASS 24 (U.S. CLS. 42 AND 50).

PRIORITY CLAIMED UNDER SEC. 44(D) ON
UNITED KINGDOM APPLICATION NO. 2448330,
FILED 3-3-2007, REG. NO. 2448330, DATED 3-14-2008,
EXPIRES 3-3-2017.

OWNER OF U.S. REG. NO. 3,085,762.

THE MARK CONSISTS OF THE WORDS "THO-
MAS & FRIENDS" INSIDE A CLOUD-SHAPED
BLACK BORDER.

SER. NO. 77-267,931, FILED 8-30-2007.

DOMINIC J. FERRAIUOLO, EXAMINING ATTOR-
  NEY

6

Int. Cls.: **18, 20, 21, 29, 30 and 32**

Prior U.S. Cls.: **1, 2, 3, 13, 22, 23, 25, 29, 30, 32, 33, 40, 41, 45, 46, 48 and 50**

Reg. No. 3,531,151

## United States Patent and Trademark Office

Registered Nov. 11, 2008

## TRADEMARK
### PRINCIPAL REGISTER



GULLANE (THOMAS) LIMITED (GREAT BRIT-
AIN LIMITED COMPANY)
MAPLE HOUSE
149 TOTTENHAM COURT ROAD; LONDON W1T
7NF
UNITED KINGDOM

FOR: BAGS, NAMELY, ATHLETIC BAGS, SCHOOL BAGS, DUFFLE BAGS, BEACH BAGS, AND DIAPER BAGS, COIN PURSES, FANNY PACKS, KEY CASES, VANITY CASES SOLD EMP-TY, SUITCASES, HANDBAGS, UMBRELLAS, BACK PACKS, LUGGAGE, TOTE BAGS, SYNTHETIC FAB-RIC LUNCH BAGS, WALLETS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FOR: SLEEPING BAGS, PILLOWS, CAKE DEC-ORATING KITS CONSISTING OF PLASTIC CAKE DECORATIONS, TOY BOXES, DRINKING STRAWS, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FOR: HOUSEHOLD CONTAINERS FOR FOOD, SOLD EMPTY; GLASSWARE, PORCELAIN, EARTH-ENWARE MUGS; BOWLS, CUPS AND PLATES; BOTTLES, SOLD EMPTY, BEVERAGE GLASSES, LUNCH BOXES, THERMAL INSULATED CON-TAINERS FOR FOOD OR BEVERAGE, INFANT CUPS; BATHROOM ACCESSORIES, NAMELY, TOOTH BRUSHES, WASTEBASKETS, HOLDERS FOR FACIAL TISSUES, HOLDERS FOR TOOTH BRUSHES; DISPENSERS FOR LIQUID SOAP; NON-METAL MONEY BOXES, METAL CAKE PANS, COOKIE CUTTERS; HAIR BRUSHES, HAIR COMBS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FOR: CANDIED FRUIT SNACKS, JAMS, JELLIES, FRUIT JELLIES; PROCESSED NUTS; PICKLES; MILK AND MILK PRODUCTS EXCLUDING ICE CREAM, ICE MILK AND FROZEN YOGURT; YO-

GURT, CHEESE; PRESERVED, DRIED, COOKED AND CANNED FRUITS AND VEGETABLES; ED-IBLE OILS AND FATS; FRUIT TOPPINGS; VEGE-TABLE SALADS; FISH, MEAT, POULTRY AND GAME; MEAT EXTRACTS; PROCESSED BEANS; PEANUT BUTTER; POTATO CHIPS; FOOD PRO-DUCTS MADE FROM FISH, NAMELY, FISH STICKS AND FISH FILLETS; POTATO CRISPS; RAISINS; SOUPS; APPLE SAUCE, IN CLASS 29 (U.S. CL. 46).

FOR: SUGAR, RICE, TAPIOCA, SAGO, ARTIFI-CIAL COFFEE; FLOUR AND PREPARATIONS MADE FROM CEREALS, NAMELY, BREAKFAST CEREALS; BREAD; TREACLE; SALT; MUSTARD; VINEGAR; SPICES; GINGER BREAD; GOLDEN SYRUP; TEA, COFFEE, COCOA, CHOCOLATE FOOD BEVERAGES NOT BEING DAIRY-BASED OR VEGETABLE-BASED; BREAKFAST CEREALS, READY TO EAT; CEREAL DERIVED FOOD BARS, MUESLI, CORNFLAKES, PROCESSED CEREALS; PASTRIES AND CRYSTAL SUGAR PIECES CON-FECTIONERY, CHOCOLATE, CANDIES, CANDY BARS, BISCUITS, COOKIES, CAKES, CRACKERS, RUSKS; CHOCOLATE SYRUPS AND CHOCOLATE TOPPINGS; ICE CREAM AND FROZEN CONFEC-TIONS, FROZEN YOGURT; HONEY; MARSHMAL-LOWS; SNACK MIX CONSISTING PRIMARILY OF CRACKERS, PRETZELS, NUTS AND /OR POPPED POPCORN; KETCHUP; PASTA; MAYONNAISE; PIES; PANCAKES; PIZZAS; RAVIOLI; SANDWI-CHES; ICE; FRUIT SAUCES EXCLUDING CRAN-BERRY SAUCE AND APPLESAUCE; SALAD DRESSINGS, IN CLASS 30 (U.S. CL. 46).

FOR: MINERAL AND AERATED WATERS; FRUIT DRINKS AND FRUIT JUICES; FROZEN DRINK CONCENTRATES; PREPARATIONS FOR MAKING FRUIT DRINKS, NAMELY, SWEETENED

POWDERED DRINK MIXES , IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

OWNER OF INTERNATIONAL REGISTRATION 0924581 DATED 1-19-2007, EXPIRES 1-19-2017.

OWNER OF U.S. REG. NOS. 2,009,287, 3,085,762 AND OTHERS.

CLOUD DESIGN FEATURING THE WORDS "THOMAS & FRIENDS".

SER. NO. 79-038,619, FILED 1-19-2007.

JASON TURNER, EXAMINING ATTORNEY

# EXHIBIT B

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**
**PA 1-930-773**
**Effective Date of Registration:**
November 25, 2014

## Title

**Title of Work:** Thomas & Friends: The Thomas Way

## Completion/Publication

**Year of Completion:** 2013
**Date of 1st Publication:** December 03, 2013
**Nation of 1st Publication:** United States

## Author

- **Author:** Gullane (Thomas) Limited
  **Author Created:** entire motion picture, Compilation of pre-existing episodes
  **Work made for hire:** Yes
  **Domiciled in:** United Kingdom

## Copyright Claimant

**Copyright Claimant:** Gullane (Thomas) Limited
149 Tottenham Court Rd., London, W1T7NF, United Kingdom

## Limitation of copyright claim

**Material excluded from this claim:** preexisting footage, preexisting music

**New material included in claim:** DVD cover artwork, additional audiovisual material, compilation

## Certification

**Name:** Lynn A. Whelan
**Date:** November 19, 2014

Page 1 of 1





attests that registration has been ~~made~~ ~~in~~ ~~conformance~~ ~~with~~ ~~the~~ ~~certi~~fied below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
*United States of America*

FOR A REGISTRATION
UNITED STATES COPYRIGHT OFFICE
REGISTRATION NUMBER



TX 4-442-061

EFFECTIVE DATE OF REGISTRATION

FEB 18 1997
Month    Day    Year

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE FORM GATT/CON.**

**1 a** TITLE:

Thomas the Tank Engine

English translation:

**b** DESCRIPTION OF THE WORK: *(Check one or more)*
☒ literary work **text/illustrations**
☐ musical work, including any accompanying words
☐ dramatic work, including any accompanying music
☐ pantomime or choreographic work
☐ pictorial, graphic, or sculptural work
☐ motion picture or other audiovisual work
☐ architectural work
☐ sound recording, created in _____ (year)

**2 a** AUTHOR(S):
Name:    The Reverend W. Awdry

Citizenship (when work was created):    United Kingdom
Domicile (when work was created):    United Kingdom
Date of death:    N/A

**b** Name:    C. Reginald Dalby

Citizenship (when work was created):    United Kingdom
Domicile (when work was created):    United Kingdom
Date of death:    Deceased

**3** YEAR AND NATION OF PUBLICATION: (If work was published, give the year and nation in which it was first published.)
Year:    1946

Nation:    United Kingdom

**4 a** OWNER(S) OF U.S. COPYRIGHT:
Name:    Reed International Books Limited

Address:    Halsbury House
35 Chancery Lane
London WC2A 1EL
England

**b** Means by which copyright ownership was transferred
(if owner is not the author)

Assignment of all U.S. rights
by contract.

DO NOT WRITE HERE
OFFICE USE ONLY

APPLICATION RECEIVED
FEB 18. 957

DEPOSIT RECEIVED
FEB 18. 1997

FUNDS RECEIVED
FEB 18. 997

**PREVIOUS REGISTRATION:** If this work was ever registered in the U.S. Copyright Office, give the registration number and year if known.

**6**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a deposit account established in the Copyright Office, give the name and number of that account. Do not give credit card information on this form.

Name ▼                                                                                   Account Number ▼

**7**

**CORRESPONDENCE** Give the name and address to which correspondence about this application should be sent.      ☐ Same as space 4a
                                                                                                                                                                ☒ Same as space 9

> Alexandra Nicholson, Esq.
> Lankenau Kovner Kurtz & Outten, LLP
> 1740 Broadway, 25th Floor
> New York, New York  10019

Area or Country Code and Telephone Number ▶ 212-489-8230          Fax Number ▶ 212-489-8340

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the: (Check one )

☐ Author
☐ Owner of U.S. copyright
☒ Agent of   Reed International Books Limited

                    (Name of author or owner of U.S. copyright)

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name: Alexandra Nicholson, Esq.          Date: February 14, 1997

Handwritten signature (X) ▼

**MAIL CERTIFICATE TO**

Name ▼
> Alexandra Nicholson, Esq.
> Lankenau Kovner Kurtz & Outten, LLP

Number/Street/Apt ▼
> 1740 Broadway, 25th Floor

City/State/ZIP/Nation ▼
> New York, New York  10019

**9**

**YOU MUST**
* Complete all necessary spaces
* Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE**
1. Application form
2. Nonrefundable filing fee payable to Register of Copyrights
3. Deposit

**MAIL TO:**
URAA/GATT NIEs and Registrations
Southwest Station P.O. Box 72400
Washington, D.C. 20024 U.S.A

Certificate will be mailed in a window envelope

*17 U.S.C. § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

September 1995—100,000       ♻ PRINTED ON RECYCLED PAPER                    ☆U.S. GOVERNMENT PRINTING OFFICE 1995-387-237/20,015

4

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**TX 7-953-676**

**Effective date of registration:**

September 3, 2014

## Title

**Title of Work:** Thomas & Friends: Story Time Collection

## Completion/Publication

**Year of Completion:** 2014

**Date of 1st Publication:** July 22, 2014     **Nation of 1st Publication:** United States

**International Standard Number:** ISBN          9780553496789

## Author

■       **Author:** Gullane (Thomas) Limited

**Author Created:** text, artwork

**Work made for hire:** Yes

**Domiciled in:** United Kingdom

## Copyright claimant

**Copyright Claimant:** Gullane (Thomas) Limited

149 Tottenham Court Road, London, W1T7NF, United Kingdom

## Limitation of copyright claim

**Material excluded from this claim:** text, artwork

**Previous registration and year:** TX 7-311-899     2010

TX 7-410-402     2011

**New material included in claim:** text, compilation, artwork

## Certification

**Name:** Lynn A. Whelan

**Date:** August 27, 2014

**Registration #:**  TX0007953676
**Service Request #:**  1-1641537112

Mattel, Inc.
Lynn A. Whelan
333 Continental Blvd.
M1-1220
El Segundo, CA 90245  United States

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## TX 7-973-191

**Effective Date of Registration:**
September 15, 2014

## Title _____

    **Title of Work:**  Thomas & Friends: Special Delivery (Lift-a-Flap Sound Book)

## Completion/Publication _____

| | |
|---|---|
| **Year of Completion:** | 2011 |
| **Date of 1st Publication:** | February 07, 2012 |
| **Nation of 1st Publication:** | United States |
| **International Standard Number:** | ISBN 9781450854849 |

## Author _____

| | |
|---|---|
| •   **Author:** | Gullane (Thomas) Limited |
| **Author Created:** | text, artwork |
| **Work made for hire:** | Yes |
| **Domiciled in:** | United Kingdom |

## Copyright Claimant _____

    **Copyright Claimant:**  Gullane (Thomas) Limited
                         149 Tottenham Court Road, London, W1T7NF, United Kingdom

## Certification _____

| | |
|---|---|
| **Name:** | Lynn A. Whelan |
| **Date:** | September 09, 2014 |



## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## TX 7-973-196

**Effective Date of Registration:**
September 15, 2014

## Title _____

| | |
|---|---|
| **Title of Work:** | Thomas & Friends: Railway Race Day (Lift-a-Flap Sound Book) |

## Completion/Publication _____

| | |
|---|---|
| **Year of Completion:** | 2010 |
| **Date of 1st Publication:** | May 20, 2011 |
| **Nation of 1st Publication:** | United States |
| **International Standard Number:** | ISBN 9781450833172 |

## Author _____

| | |
|---|---|
| • **Author:** | Gullane (Thomas) Limited |
| **Author Created:** | text, artwork |
| **Work made for hire:** | Yes |
| **Domiciled in:** | United Kingdom |

## Copyright Claimant _____

| | |
|---|---|
| **Copyright Claimant:** | Gullane (Thomas) Limited |
| | 149 Tottenham Court Road, London, W1T7NF, United Kingdom |

## Certification _____

| | |
|---|---|
| **Name:** | Lynn A. Whelan |
| **Date:** | September 09, 2014 |

Page 1 of 1



# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## TX 7-973-208

**Effective Date of Registration:**
September 15, 2014

---

## Title

**Title of Work:** Thomas & Friends: I'm Ready to Read with Thomas (Play-a-Sound book)

## Completion/Publication

**Year of Completion:** 2012
**Date of 1st Publication:** June 29, 2012
**Nation of 1st Publication:** United States
**International Standard Number:** ISBN 9781450832991

## Author

- **Author:** Gullane (Thomas) Limited
  **Author Created:** text, artwork
  **Work made for hire:** Yes
  **Domiciled in:** United Kingdom

## Copyright Claimant

**Copyright Claimant:** Gullane (Thomas) Limited
149 Tottenham Court Road, London, W1T7NF, United Kingdom

## Certification

**Name:** Lynn A. Whelan
**Date:** September 09, 2014

---



## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**TX 7-985-398**

**Effective Date of Registration:**
September 15, 2014

---

## Title

**Title of Work:**   Thomas & Friends: I Can Help Thomas (Play-a-Sound book)

## Completion/Publication

**Year of Completion:**   2012
**Date of 1st Publication:**   June 01, 2012
**Nation of 1st Publication:**   United States
**International Standard Number:**   ISBN 9781450830997

## Author

● **Author:**   Gullane (Thomas) Limited
**Author Created:**   text, artwork
**Work made for hire:**   Yes
**Domiciled in:**   United Kingdom

## Copyright Claimant

**Copyright Claimant:**   Gullane (Thomas) Limited
149 Tottenham Court Road, London, W1T7NF, United Kingdom

## Certification

**Name:**   Lynn A. Whelan
**Date:**   September 09, 2014

---

Page 1 of 1

*0000TX0007985398D202*

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**
## TX 7-992-119
**Effective Date of Registration:**
September 03, 2014

## Title _____

        **Title of Work:**   Thomas & Friends: Nine Favorite Tales (Little Golden Book Collection)

## Completion/Publication _____

        **Year of Completion:**   2014
     **Date of 1st Publication:**   July 22, 2014
   **Nation of 1st Publication:**   United States
**International Standard Number:**   ISBN 9780385376440

## Author _____

       •       **Author:**   Gullane (Thomas) Limited
      **Author Created:**   text, artwork
 **Work made for hire:**   Yes
       **Domiciled in:**   United Kingdom

## Copyright Claimant _____

    **Copyright Claimant:**   Gullane (Thomas) Limited
                           149 Tottenham Court Road, London, W1T7NF, United Kingdom

## Limitation of copyright claim _____

**Material excluded from this claim:**   text, artwork
    **Previous registration and year:**   TX 7-583-196, 2012
                           TX 7-583-180, 2012

   **New material included in claim:**   text, compilation, artwork

## Certification _____

         **Name:**   Lynn A. Whelan
          **Date:**   August 27, 2014



# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

## TX 8-149-304

**Effective Date of Registration:**
June 09, 2015

---

## Title
_____

        **Title of Work:**  Thomas & Friends: Book & Blocks

## Completion/Publication
_____

        **Year of Completion:**  2014
        **Date of 1st Publication:**  March 01, 2015
        **Nation of 1st Publication:**  United States
        **International Standard Number:**  ISBN 9782764330739

## Author
_____

    •     **Author:**  Gullane (Thomas) Limited
        **Author Created:**  text, artwork, Sculpture
        **Work made for hire:**  Yes
        **Domiciled in:**  United Kingdom

## Copyright Claimant
_____

        **Copyright Claimant:**  Gullane (Thomas) Limited
        149 Tottenham Court Road, London, W1T7NF, United Kingdom

## Certification
_____

        **Name:**  Lynn A. Whelan
        **Date:**  June 03, 2015

